UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN JEROME MOORE,         )
                                     )
            Petitioner,        )
                                     )
         v.                   )     Case No. 4:21-CV-01322-SNLJ
                                     )
UNITED STATES OF AMERICA,    )
                                     )
            Respondent.     )

## MEMORANDUM AND ORDER

On November 8, 2021, Petitioner Kevin Moore ("Moore") filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. Moore's sole ground for relief was ineffective assistance of counsel in that counsel did not raise the defense of duress. Based on the reasons set forth below, this Court will dismiss Moore's claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

### I.      PROCEDURAL HISTORY

On October 24, 2019, a federal grand jury charged Moore with interfering with commerce by robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). 4:19-cr-00895-SNLJ, Doc. 1. On September 2, 2020, Moore waived his pretrial motions, and counsel filed a waiver stating Moore "agrees and concurs in the decision not to raise any issues by way of pre-trial motions." 4:19-cr-00895-SNLJ, Doc. 32. In March of 2021, the parties executed a Guilty Plea Agreement, and the parties filed a joint motion for a

1

combined plea and sentencing hearing. 4:19-cr-00895-SNLJ, Doc. 43, Doc. 35.

**Guilty Plea Agreement**

On July 7, 2021, the Court held a Change of Plea Hearing to ensure that Moore fully understood the Guilty Plea Agreement and wished to admit to the facts described above 4:19-cr-00895-SNLJ, Doc. 42, Doc. 62 ("Plea and Sent. Hr'g Tr."). At the hearing, Moore was placed under oath and testified that there was nothing about his mental or physical condition that was affecting his ability to think clearly and proceed with the plea. 4:19-cr-00895-SNLJ, Doc. 62 at 3, 8. Moore then testified that he was satisfied with the way his lawyer handled the case. *Id*. at 9. He also testified that his lawyer investigated the case to his satisfaction and that she had done everything he had asked her to do. *Id*. The Court asked if he had any "gripes or complaints whatsoever" about his attorney, and Moore stated, "No." *Id*. The Court then inquired about whether anyone forced Moore to plead guilty, and he denied being forced, coerced, or threatened to plead guilty. *Id*. at 10-11.

During the Change of Plea and Sentencing Hearing, the Government read into the record the agreed-upon statement of facts. *Id*. at 15-18. By that factual statement, Moore admitted he robbed Behrmann's Tavern and the customers within it. *Id*. Moore agreed that the factual statement was correct. *Id.* at 18-19. He made no indication that he only performed the robbery under duress. *Id.* Moore entered a plea of guilty to both counts, and the Court accepted Moore's guilty plea. *Id.* at 20

**Presentence Investigation Report**

Prior to the Change of Plea and Sentencing Hearing, the Probation Office

completed a Presentence Investigation Report ("PSR"). 4:19-cr-00895-SNLJ, Doc. 39. The PSR reflected the fact that, in his confession, Moore admitted to committing the robbery and stated that he gave the rifle and robbery proceeds to a man named Charles. PSR, ¶ 17. At the Change of Plea and Sentencing Hearing, Moore's counsel stated in his presence that Moore had no "additions, corrections or objections" to the PSR. Plea and Sent. Hr'g Tr. at 21. Moore took no action to alert the Court that this was incorrect. *Id*. In his statement to the Court prior to the Court's imposition of the sentence, Moore accepted "full responsibility" for his actions. *Id*. at 35-36. He blamed his conduct on a nervous breakdown, depression, stress, poor parenting, and abuse experienced as a child. *Id*. At no point did he indicate he performed the robbery under duress. *Id*.

**Motion for Post-Conviction Relief**

On November 8, 2021, Moore filed the instant motion for post-conviction relief. Mot. to Vacate, at 1. The motion advances two related claims. The first claim is that defense counsel failed to read the statement in the police report in which Moore claimed he robbed Behrmann's Tavern under duress. *Id.* at 4. The second claim is that defense counsel was ineffective because Moore told her that he robbed Behrmann's Tavern under duress, and she failed to read the police report. *Id.* at 5.

## II.    LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quotation omitted). And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id.* (quoting United States v.

Addonizio, 442 U.S. 178, 185 (1979)). Under section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Martin v. United States*, 150 F. Supp. 3d 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426–27 (1962)); *see also* R. GOVERNING § 2255 PROCEEDINGS 1. The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

### A. Claims Alleging Ineffective Assistance of Counsel

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quotation omitted). Ineffective assistance claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "This standard requires [a petitioner] to show that his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quotation omitted) (emphasis added). "Failure to satisfy either [the performance or prejudice] prong is fatal to the claim." *Cole v. Roper*, 579 F. Supp. 2d 1246, 1263 (E.D. Mo. 2008) (citation omitted). Indeed, "[i]f the petitioner makes an insufficient showing on one component, the court need not address both components." *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th

Cir. 2000). Under the performance prong, courts "apply an objective standard [to] determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Nave, 62 F.3d at 1035 (quotation omitted). In doing so, a court must be careful to "avoid the distorting effects of hindsight . . . by looking at the circumstances as they must have appeared to counsel at the time." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (citation omitted). The starting point for this analysis is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citation omitted). Counsel's strategic decisions "made after a thorough investigation of law and facts . . . are virtually unchallengeable," even if those decisions prove unwise. *Strickland*, 466 U.S. at 690.

Under the prejudice prong, the petitioner must show "a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Nave*, 62 F.3d at 1035 (quotation omitted). This inquiry depends on the likelihood of success if the alleged error were corrected. *Hill*, 474 U.S. at 59. "[I]f there is no reasonable probability that the motion would have been successful, [the movant] cannot prove prejudice." *DeRoo*, 223 F.3d at 925.

### B. Need for an Evidentiary Hearing

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Holder v. United States*, 721 F.3d 979, 993 (8th Cir. 2013) (quoting 28 U.S.C. § 2255(b)). "No hearing is required where the claim is inadequate on its face or

if the record affirmatively refutes the factual assertions upon which it is based." *United States v. Anjulo-Lopez*, 541 F.3d 814, 817 (8th Cir. 2008) (quotation omitted). For instance, "[a] district court need not hold an evidentiary hearing if the facts alleged, taken as true, would not justify relief." *Larson v. United States*, 905 F.2d 218, 221–22 (8th Cir. 1990) (citation omitted). Moreover, in conducting this inquiry, courts may not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *Simmons v. United States*, No. 1:16-CV-101 SNLJ, 2016 WL 5941929 (E.D. Mo. Oct. 13, 2016) (citation omitted); *see also Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019) (reaffirming long-standing rule of dismissing allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."). In the ineffective assistance context, a court "must consider the validity of a petitioner's allegation of ineffective assistance of counsel" in light of the record to determine whether an evidentiary hearing is necessary. *Holder*, 721 F.3d at 994 (quotation and internal alterations omitted); *Blankenship v. United States*, 159 F.3d 336, 337 (8th Cir. 1998).

### III.   <u>ANALYSIS</u>

In his Motion to Vacate, Moore claims ineffective assistance of counsel for defense counsel's failure to advance the defense he allegedly relied on during his confession to police. This claim is unsupported by the record and will be denied without a hearing.

In sworn testimony at the combined plea and sentencing hearing, Moore was asked whether he was "satisfied with the way [his] lawyer has handled" the case, and he

answered "yes." Plea and Sent. Hr'g Tr. at 9. He agreed that she "investigated the case to [his] satisfaction." *Id*. He agreed she had "done everything [he] ha[d] asked her to do." *Id*. He agreed he had "[n]o gripes or complaints whatsoever" about his attorney. *Id*. Moreover, he made no mention of any defense of duress.

After the prosecutor's recitation of the facts set out in the Guilty Plea Agreement, Moore admitted that "everything the prosecutor said is true and correct." Plea and Sent. Hr'g Tr. at 18-19. Further, he admitted that he read the fact statement in the Guilty Plea Agreement, and that it was "all true and correct." *Id*. at 19. Again, he made no complaint about duress.

Then at sentencing and allocution, Moore made a 418-word statement in which he accepted responsibility and cast partial blame for his behavior on the way his mother neglected him, the abuse he suffered, and his mental health. Plea and Sent. Hr'g Tr. 35-36. He accepted "full responsibility" for his actions. *Id*. at 36. Once again, he made no claim of duress.

In his Motion to Vacate, Moore admits that he committed the robbery, but for the first time he claims that he only did so when he and his cousin were threatened by a gunman—purportedly a drug dealer to whom the cousin owed money. Doc. 1, pp. 4-5; Guilty Plea Agreement, pp. 3-5. This information, Moore claims, was included in his statement to police and later conveyed to his lawyer. Where a post-conviction relief petitioner levies claims that his counsel failed to investigate a defense known to him, that claim should be denied without a hearing if the petitioner had previously stated that counsel had investigated the case to his satisfaction. *United States v Hughes*, 16 F.3d 949,

951 (8th Cir. 1994). This alone is sufficient to deny Moore's claim here.

In addition, Moore's actions during the robbery are inconsistent with his claimed defense. Moore entered a bar with six individuals in it, armed with a rifle. Guilty Plea Agreement, p. 4. Once he was in the bar and away from the alleged gunman, he did not call the police or ask others to do so, instead he proceeded to rob the bar and each of the people present. *Id*. at 4-5. Moore did not stop at merely taking a cell phone and money from the cash register. *Id*. He went around to each person in the bar and robbed them individually. *Id*. He did not constrain himself to merely showing force, but actually thrust the barrel of his rifle into more than one victim. *Id*. He did not apologize to a single person present or offer any mitigating statement to them that he was being forced to do this. These actions were not the actions of a man intending to cause the least amount of terror and harm to satisfy his cousin's drug dealer. He ruthlessly and without mercy went to each person in that bar and threatened them without regard for their wellbeing. *Id*.

Even if Moore had consistently maintained his duress defense, Moore would have a high bar to prove it. "In order to successfully raise the defense of duress a defendant in a criminal case must show a reasonable fear of death or serious bodily injury and the absence of a reasonable opportunity to escape or avoid the threatened danger." *United States v. Saettele*, 585 F.2d 307, 309 (8th Cir. 1978).

In sum, on this record, the Court will deny Moore's claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

## IV.   **SUPPLEMENTAL MOTION**

On July 11, 2022, Moore filed a supplemental to his § 2255 motion based on the single claim that his lawyer "did not know that Hobbs Act Robbery is not a crime of violence." Doc. 17, p. 4. Moore appears to be referring to *United States v. Taylor*, 142 S. Ct. 2015 (2022).  In *Taylor*, the Supreme Court held that an attempted robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, does not qualify as a crime of violence.  *Id*. at 2025.

As previously noted, Moore pleaded guilty to one count of interfering with commerce in violation of the Hobbs Act, and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Post-*Taylor*, the Eighth Circuit (in an unpublished opinion) and other circuits have held that a completed Hobbs Act robbery is a "crime of violence." *See United States v. Moore*, No. 22-1899, 2022 WL 4361998, at \*1 (8th Cir. Sept. 21, 2022) (per curiam and unpublished) ("Though the Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence, *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022), the plea agreement established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime of violence. *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017)); *see also United States v. McCoy*, 58 F.4th 72, 74-75 (2d Cir. 2023) (per curiam) ("[W]e see nothing in *Taylor*'s language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)."); *United States v. Linehan*, 56 F.4th 693, 700 (9th Cir. 2022) ("[I]t is well established both pre- and post-*Taylor* that completed Hobbs Act robbery is a crime of violence under the elements clause.").

Here, the plea agreement established that Moore pleaded guilty to a completed robbery under the Hobbs Act. Guilty Plea Agreement, pp. 3-5. Because a completed Hobbs Act robbery constitutes a "crime of violence" under the elements clause of 18 U.S.C. § 924(c), Moore's challenges to his conviction lack merit

## V.     **CONCLUSION**

For the foregoing reasons, this Court will deny Moore's § 2255 motion without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Moore has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 4th day of January, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE